RICHARDSON OILS, Inc., v. THOMAS, Collector of Internal Revenue.

No. 1203.

District Court, N. D. Texas, Dallas Division.

Feb. 27, 1945.

Harry C. Weeks, of Fort Worth, Tex., for plaintiff.

A. W. Christian, Asst. U. S. Atty., of Dallas, Tex., for defendant.

ATWELL, District Judge.

I think the record is somewhat larger than it might necessarily be, but it is complete, and if counsel for either side, by agreement with one another, think it should be diminished, if there is an appeal, that can be done without any trouble under our present rules.

Likewise, I think the issue is a narrow issue, somewhat easily understood, but it does involve an important principle which takes us into the realm of construction as well as into the realm of righteousness.

The contract between this taxpayer and his creditor, which was made anterior to the passage of the statute which permitted this sort of a credit upon the taxpayer's income tax, is not attacked in any way as to its bona fides. The only attack that is made upon it is that it provides for payments, which payments do not specifically use the term "earnings and profits," which is used in the statute which authorizes such a credit. The contract provides for credits out of "runs."

The testimony clearly shows that payments were made out of "earnings and profits." The proper allocation, as conceded here in open Court by both sides, has been used in figuring what amount was credited under the first contract for the million dollar borrow and the merger and increase of that contract sometime after the statute was passed, so that there is no question of fairness in the case.

Nor does there seem to be any serious question, as I have already indicated, about the payments coming out of "runs" which were in truth, "earnings and profits." The only question, therefore, is whether the phrase "earnings and profits" in the statute should have been used by the contracting parties instead of the word "runs." So that we see the issue is pretty small and pretty refined, and somewhat unjust, which would deprive two citizens of the right to contract between themselves, the soul of which has been observed by both of them in their dealings with their Government.

Findings of Fact.

I. I find the facts are as stipulated by the parties.

II. That the payments that have been credited by the taxpayer and denied by the Commissioner to the taxpayer, came out of "earnings and profits."

III. That this amount is payments made up of quarterly installments. $8,324.49 was made on October 14, 1938, so that is the last payment, and that is where interest should start to run as to that payment, and the balance of $9,100 should come out of the July 15, 1938 payment.

That will be the judgment, with the usual certificate, to be approved by Mr. Gibson as to form, saving such exception as he may wish.

It follows, as a conclusion of law, what I have already said.